11-2154
*United States v. Washington*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of November, two thousand twelve.

PRESENT: JOHN M. WALKER, JR.,
         RICHARD C. WESLEY,
         PETER W. Hall,
                  *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                *Appellee*,

    -v.-                       11-2154

RONNIE WASHINGTON, AKA GOTTI,

                *Defendant-Appellant*,

Larry Devore, AKA L.D., Joseph Jackson, AKA M.I., AKA Mighty, Jayquis Brock, AKA Pook, AKA Pooka, Mark Baskerville, AKA Munson, Russell Battles, AKA Cuddy Russ, Cuddy, Stephanie D'Agostino, Sherrod Daniels, AKA Hot Sauce, Harry Diaz, AKA Hottie, AKA H., James Dickerson, Steven Dicks, AKA God, Derron Dockery, AKA Day Day, Manokus Fields, AKA Fresh, Devante Fortune, AKA Pooty, AKA Will, AKA Devante Fortuna, Maurice Hill, AKA Mo Digs, Shamaine Hobby, Edmund Jackson, Sr., AKA Eddie, James Jenkins, AKA Black, Torrence Jones, Demetrius Little, AKA Hap, AKA Happy, Kristin

Longobardi, Eric Lumpkin, Wendel McDuffie, AKA Win, Ryan Moore, Javon Moorning, AKA Lil Red, Gemini Napoleon, AKA Poe, AKA I.G., AKA Gemi, Charles Nichols, Raymond Rice, Chanel Sinclair, Roger Sullivan, AKA Manny O, Eleazar Thompson, AKA L., Tylan Thompson, AKA Finner, Brandon Tolson, AKA Black, Alvin Townsend, AKA Gurb, Tyrone Williams, Darren Winfrey, AKA D., Milton Johnson, AKA Tilt,

*Defendants.*

FOR APPELLEE:       Robert M. Spector and Sandra S. Glover, Assistant United States Attorneys, *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, CT.

FOR APPELLANT:      Jodi Zils Gagne, Law Offices of Jodi Zils Gagne, LLC, Bristol, CT.

Appeal from the United States District Court for the District of Connecticut(Burns, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the District of Connecticut is **AFFIRMED.**

Defendant-Appellant Ronnie Washington, a/k/a Gotti ("Washington") appeals from the May 20, 2011 judgment of the United States District Court for the District of Connecticut (Burns, *J.*) sentencing him to 240 months of imprisonment and 96 months of supervised release for conspiracy to possess with intent to distribute twenty-eight grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846.  Washington had pled guilty to that

offense pursuant to an agreement under which he expected a sentence half the length of the sentence he would ultimately receive.  Because his sentence was double his expectation, Washington challenges the procedural and substantive reasonableness of his sentence.  The panel has reviewed the briefs and the record in this appeal and agrees unanimously that oral argument is unnecessary because "the facts and legal arguments [have been] adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument."  Fed. R. App. P. 34(a)(2)(C).  We assume the parties' familiarity with the facts, the procedural history of the case, and the issues on appeal.

A sentencing judge has wide latitude in crafting a sentence for a particular offender for a particular crime. *United States v. Cavera*, 550 F.3d 180, 188-89 (2d Cir. 2008) (en banc).  We review that sentence under a "deferential abuse-of-discretion standard."  *Id.* at 189 (internal quotation marks omitted).  The parties entered into a plea agreement that stipulated that, in exchange for his plea, Washington would receive a recommendation for a three-level reduction in his base-offense level.  The parties entered

3

into the agreement before a determination of Washington's career-offender status. The agreement established that "[a]ssuming a Criminal History Category VI, an adjusted offense level of 25 . . . would result in an incarceration range of 120-137 months of imprisonment . . . ." JA 47. The agreement also noted: "[T]he defendant may be a career offender . . . based on his multiple prior felony convictions for sale of narcotics. If he is a career offender, his adjusted offense level will increase to 34. The defendant reserves his rights to challenge any determination that he is a career offender." *Id.*

The PSR originally concluded that the defendant's base offense level was 28. With the three-level stipulated reduction, the PSR placed the defendant at an adjusted-offense level of 25. After receiving more information about Washington's prior convictions, a second addendum to the PSR concluded that the defendant was a career offender. That status, as the plea agreement anticipated, moved Washington's adjusted-offense level up to 34. With an offense level of 34, Washington faced a guidelines range of 262-327 months. Prior to and at sentencing, the government pushed for a sentence above the 120-137 month range and

4

deferred to the court on whether the 262-327 month range on account of Washington's career offender status was appropriate. At sentencing, the court adopted the findings set forth in the PSR and specifically found that the defendant was a career offender who faced a guideline range of incarceration of 262-327 months. The court eventually imposed a 240 month sentence.

A. *Career-Offender Status*

Washington first contends that the district court erred in treating him as a career offender pursuant to U.S.S.G. § 4B1.1(a). Police arrested Washington on September 25, 1998 in New Haven for a narcotics related offense. Police then arrested Washington again on October 14, 1998 for another narcotics related offense. On November 16, 1998, when he was 17 years old, Washington pled guilty to these two offenses. Twelve days later, on November 28, 1998, Washington turned 18. Sentencing commenced on January 25, 1999, and the court sentenced Washington to six years, suspended after three, with three years probation.

Washington argues that those offenses should not count towards his career-offender status because, *inter alia*, he was a minor when he committed and pled guilty to them. That

argument is without merit. The comments to the Sentencing Guidelines provide that a "conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted . . . ." U.S.S.G. § 4B1.2, comt. n.1. Here, it is undisputed that the state proceeded against Washington as an adult in an adult forum. *See* Appellant's Br. at 24-25. We cannot say, therefore, that the district court erred in treating these two convictions as adult convictions.

Next, Washington asks us to consider these two offenses as only one offense in the event we decide that the convictions are adult convictions. Because he simultaneously pled guilty to both offenses and was simultaneously sentenced for both offenses, Washington suggests that the two crimes were treated as one crime at both the plea and sentencing stages. He argues that we should do the same in deciding his career-offender status. We, however, remain unpersuaded. "Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the

second offense)." U.S.S.G. § 4A1.2(a)(2). Here, police arrested Washington for a drug offense and then, while he was on pre-trial release, arrested Washington for another drug offense. The district court, therefore, did not err in counting the offenses separately.

We have considered Washington's remaining arguments regarding his career-offender status and find them to be without merit. The district court did not abuse its discretion in treating Washington as a career offender. *See* U.S.S.G. § 4B1.1(a).

B. *Procedural and Substantive Reasonableness*

Washington's remaining three arguments are that (1) the court punished him for his failure to cooperate in the prosecution of his co-defendants; (2) the court imposed a sentence above the government's recommendation; and (3) the court failed to take into account the negotiations behind the plea agreement, such as his information proffer. Washington boils this argument down to not receiving the benefit of his plea bargain. It is unclear whether Washington intends these arguments to cut against the sentence's procedural reasonableness, substantive unreasonableness, or both. The government contends that

these arguments are subject to plain error review, because they were raised for the first time on appeal. No matter what standard we use, however, the arguments are without merit because the record simply does not support these assertions.

The plea agreement that Washington signed specifically anticipated that his base-offense level might rise depending on his career-offender status. The district court, based on the PSR and after hearing argument, concluded that Washington was a career-offender subject to a 262-327 month sentence. The plea agreement, therefore, contemplated this result. Moreover, Washington never objected to the PSR and averred that he read and understood its contents after a discussion with his lawyer. Though it did not seek a sentence within that range, the government deferred to the court's judgment on whether to sentence Washington within that range. The government did, however, seek a sentence higher than the 120-137 months that would have been applicable if Washington was not a career offender.

Considering that background, we cannot find evidence in the record that the district court punished the defendant for not cooperating, failed to consider the government's

position on sentencing, or inappropriately failed to consider the alleged negotiations that led up to the agreement when it imposed a 240 month sentence. By the terms of the agreement, Washington did receive the benefit of his bargain. We "presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006). Here, Washington has failed to provide us with record evidence that the sentencing judge failed to discharge her sentencing duties. The fact that Washington ended up with a below-guidelines sentence reflects the contrary. To the extent that his arguments suggest procedural unreasonableness, we find them to be without merit.

Lastly, we "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted). The district court carefully reviewed all the relevant material in imposing its below-guidelines sentence. We will not substitute our judgment

9

for the judgment of the district court, and Washington has not persuaded us that this is one of those exceptional cases.  We hold, therefore, that the sentence was substantively reasonable.

We have considered Appellant's remaining arguments and, after a thorough review of the record, find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk